UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JODI TSHIAWUKE DIBWE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 25-302-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| TOYOTA MOTOR NORTH AMERICA, et al., | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Jodi Tshiawuke Dibwe is a resident of Lexington, Kentucky. Proceeding without an attorney, Dibwe filed a Complaint against Toyota Motor North America and Derek Upscombe. [Record No. 1] Dibwe also filed a motion for leave to proceed *in forma pauperis*. [Record No. 2] Having reviewed the motion, the Court is satisfied that he lacks sufficient resources to prepay the required $405.00 filing and administrative fees. Accordingly, the Court will grant Dibwe's fee-related motion and proceed with an initial review of the Complaint pursuant to 28 U.S.C. § 1915(e).

Dibwe alleges that he was subjected to racism by his former employer and that he was "mistreat[ed]" after he made complaints to human resources. [Record No. 1 at 4]. He also claims that he was "traumatized by them who never gave good treatment. . . ." *Id.* Finally, Dibwe alleges that he was "fired because of a comment on Facebook even though the person was anonymous." *Id.*

Dibwe's Complaint will be dismissed without prejudice. First, Dibwe asserts that the basis for this Court's jurisdiction is diversity of citizenship under 28 U.S.C. § 1332, but he

does not include any specific allegations indicating that the amount in controversy is greater than $75,000.00, exclusive of interest and costs. [*See* Record No. 1 at 4.]

Additionally, Dibwe's Complaint does not meet minimum pleading standards under Rule 8 of the Federal Rules of Civil Procedure. While Dibwe does not identify the law he believes the defendants violated, his factual allegations are insufficient to state a viable claim for discrimination under either the Kentucky Civil Rights Act or Title VII of the Civil Rights Act of 1964. *See* Ky. Rev. Stat. § 344.010; 42 U.S.C. § 2000e-2; Fed. R. Civ. P. 8(a)(2). Notably, Dibwe does not include any allegations concerning Defendant Upscombe and does not provide any details (including the dates and places) of the defendants' alleged discriminatory acts. Additionally, Dibwe failed to include a demand for the relief sought as required by Rule 8(a)(3). While detailed factual allegations are not required, a plaintiff must provide more than labels and conclusions. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (providing that factual allegations must be enough to raise a right to relief above the speculative level).

Dismissal of Dibwe's Complaint will be without prejudice. That means that he may file a new complaint concerning the same matters he attempted to raise in this proceeding. However, if he elects to file a new complaint concerning these claims, he should provide *specific facts* explaining how he was discharged or otherwise discriminated against with respect to compensation, terms, conditions, or privileges of employment because of his race or color. *See* 42 U.S.C. § 2000e-2(a)(1); Ky. Rev. Stat. § 344.040. *See also* Twombly, 550 U.S. at 555

Accordingly, it is hereby **ORDERED** as follows:

- 3 -

1. Plaintiff Dibwe's motion for leave to proceed *in forma pauperis* [Record No. 2] is **GRANTED**. Payment of filing and administrative fees in this matter is **WAIVED**.

2. Dibwe's Complaint [Record No. 1] is **DISMISSED**, without prejudice.

3. The Clerk of the Court is directed to send Dibwe the following blank forms: (a) "Complaint for Employment Discrimination" Form, which is the Pro Se 7 Form, available at

https://www.uscourts.gov/forms-rules/forms/complaint-employment-discrimination  and  (b) EDKY 519, which is the motion for leave to proceed *in forma pauperis* for a non-prisoner.

Dated: September 2, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky